UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SUZANNE M. BROWN,

        Plaintiff,

v.

MACOMB COMMUNITY COLLEGE, JEFFREY STEELE (individually and in his official capacity as General Counsel), JOHN MELDRUM (individually and in his official capacity as Director of Records and Registration), WILLIAM LEAVENS (individually and in his official capacity as Chief of MCC Police Department), ERIC MEYERS (individually and in his official capacity as Sergeant of Police Department) and AIMEE ADAMSKI,

        Defendants.

Case No. 26-cv-10426
Hon. Linda V. Parker
Mag. David R. Grand

| | |
|---|---|
| SUZANNE M. BROWN<br>Pro Se<br>114 Lake Umbagog<br>P.O. Box 253<br>Errol, Coos, NH 03579<br>(603) 828-4860<br>blackeaglecomposites@gmail.com<br>greatnorthwoodsfarm@gmail.com | TIMOTHY S. FERRAND (P39583)<br>Cummings, McClorey, Davis & Acho, P.L.C.<br>Attorney for Defendants<br>19176 Hall Road, Suite 205<br>Clinton Township, MI  48038<br>(586) 228-5600<br>tferrand@cmda-law.com<br>tlange@cmda-law.com |

**<u>DEFENDANTS' RESPONSE TO PLAINTIFF'S CONSOLIDATED MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11, FED. R. CIV. P. 26(g), 28 U.S.C. § 1927, AND THE COURT'S INHERENT AUTHORITY</u>**

{02619612-1 }

# TABLE OF CONTENTS

Table of Authorities.................................................................................................. ii

Statement of Facts ....................................................................................................1

I.  Parties and Claims .............................................................................................1

II.  Plaintiff's "Consolidated Motion for Sanctions" ...........................................1

Law and Argument ...................................................................................................4

I.  There is No Rule 11 Violation ..........................................................................4

A.  The "No Show Designation" is Factually Accurate and Remains One of
Defendants' Legitimate Defenses in this Case.......................................................4

B.  ECF No. 24 Does Not "Weaponize the Public Docket" ....................................8

C.  Claims Misrepresentations in a Rule 26(f) Discovery Plan are Neither
Redressable Under Rule 11 Nor Violative of Rule 11 ...........................................10

II.  Rule 26(g) Has Not Been Violated...................................................................11

A.  The Argument that Plaintiff Acted in Bad Faith by Moving to Compel After
Granting an Extension is Neither Factually Inaccurate Nor Sanctionable Under
Rule 26(g)(3)...........................................................................................................12

B.  Defense Counsel Did Not Feign Ignorance as to Incomprehensible Terms in
Plaintiff's Requests for Admission ........................................................................14

C.  Defendant's Objections to Request to Admit 57 Were Reasonable, Proper,
Consistent with the Rule of Civil Procedure, and Warranted by Existing Law ......15

III.  Defense Counsel Did Not Violate 28 U.S.C. § 1927.......................................16

IV.  Plaintiff is Not Entitled to Sanctions.............................................................18

Relief Requested ......................................................................................................20

## TABLE OF AUTHORITIES

**Cases**

*Al-Dabagh v. Case Western Res. Univ.*, 777 F.3d 355, 360 (6th Cir. 2015) ..............5

*Bates v. Colony Park Assn.*, 393 F.Supp.2d 578, 598 (E.D. Mich. 2005).................4

*Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 553 (1991)...6

*DiPaolo v. Moran*, 277 F.Supp.2d 528, 534-36 (E.D. Pa. 2003)...........................19

*Frohn v. Globe Life and Accident Ins. Co.*, No. 1:19-cv-713, 2023 WL 3407424, at *2 (S.D. Ohio May 12, 2023) .........................................................................9

*Garcia v. Title Check, LLC*, No. 22-1574, 2023 WL 2787298, at *2 (6th Cir. Apr. 5, 2023), *cert. denied sub nom.,* No. 23-404, 2023 WL 8007416 (U.S. Nov. 20, 2023) ..........................................................................................................16

*Greer v. Moon,* No. 2:24-cv-00421, 2026 WL 881394, at *2 (D. Utah Mar. 31, 2026) ...........................................................................................................19

*Harris v. Blake*, 798 F.2d 419, 423 (10th Cir. 1986)....................................................5

*Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2012) .........................................16

*Hogan*, 823 F.3d at 886...........................................................................................18

*In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1242 (11th Cir. 2020)...................9

*Jones v. Continental Corp.,* 789 F.2d 1225, 1230–31 (6th Cir.1986) .....................16

*Kay v. Ehrler,* 499 U.S. 432, 435 (1991).................................................................18

*Mann v. G&G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)...................................4

*Massengale v. Ray*, 267 F.3d 1298, 1302-03 (11th Cir. 2001).................................19

*Massengale,* 267 F.3d at 1303.................................................................................19

*Mbawe v. Ferris State Univ.*, 366 F.Supp.3d 942, 961-62 (W.D. Mich. 2018)..........5

*Peeples v. Wayne State Univ.*, No. 18-14049, 2022 WL 4292311, at *15-16 (E.D. Mich. Sept. 16, 2022)...........................................................................................5

*Pickholtz v. Rainbow Technologies, Inc.*, 284 F.3d 1365, 1375-76 (Fed. Cir. 2002) .......................................................................................................................19

*Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) ...................................................................................................16

*Red Carpet Studios*, 465 F.3d at 646 ........................................................................18

*Ruben v. Warren City Sch.,* 825 F.2d 977, 984 (6th Cir.1987)...............................16

*Tabfs v. Proctor*, 316 F.3d 584, 594-95 (6th Cir. 2003) ..........................................6

**Other Authorities**

28 U.S.C. § 1927 ....................................................................................................16

**Rules**

Fed. R. Civ. P. 11(b) ................................................................................ 4, 6, 18

Fed. R. Civ. P. 11(c)(4)..............................................................................17

Fed. R. Civ. P. 11(d) ..................................................................................10

Fed. R. Civ. P. 26(g)(1)(A)-(B) .................................................................11

Fed. R. Civ. P. 26(g)(1)(B).........................................................................18

Fed. R. Civ. P. 26(g)(3) ..............................................................................17

Fed. R. Civ. P. 36(g)(3)...............................................................................11

## STATEMENT OF FACTS

### I.     *Parties and Claims*

This lawsuit was filed by Plaintiff Suzanne Brown against Macomb Community College ("MCC" or "the College") and College General Counsel Jeffrey Steele, Director of Records and Registration John Meldrum, Chief of Police William Leavens, Police Sergeant Eric Myers, Registrar/Director of Enrollment Service Aimee Adamski, and Instructor James Carlson. (**ECF Nos. 1, 9, 43**)

Plaintiff asserts violation of Due Process against all Defendants (Count I), violation of Equal Protection against all Defendants (Count II), First Amendment Retaliation against all Defendants (Count III), violation of FERPA regarding right of access to educational records against Defendants MCC, Adamski, Steele, Meldrum, and Leavens (Count IV), violation of FERPA as to unlawful disclosure of student records to law enforcement against MCC, Leavens, and Meyers (Count V), "No Show Designation Without Factual Basis" against Defendant Carlson (Count VI), and a pendant state law claim for "Breach of Contract and Promissory Estoppel" against MCC (Count VII) (**ECF No. 43**, PageID.467, 482-493)

Defendants have filed a motion to dismiss each of the claims.

### II.    *Plaintiff's "Consolidated Motion for Sanctions"*

At the outset of this litigation, Plaintiff filed a motion for expedited discovery seeking to compel production of records (via Court issued subpoena) from non-party

providers of the College's remote on-line learning platform and the remote access to the College's computer system. She then filed Interrogatories (exceeding 40 in number) and Requests to Admit (exceeding 70 in number). Responding to these early discovery requests and motion required Defendants to obtain and provide the details of the pre-litigation Financial Aid investigation and explain the results, which identified Plaintiff's criminal history (which pre-dates this litigation).  Defendants further had to explain the College's decision to place Plaintiff's access to student loans and College computers and licensed software on hold before academically terminating her student access, which was a product of her failure to complete assignments and attend class.

Defense Counsel did not perform these investigations nor create the information gathered therein. Yet Plaintiff characterizes the defenses to her claims and responses to her attempts to compel early unwarranted discovery as a "progressive, escalating smear campaign designed to justify a warrantless police investigation and a permanent suspension that had no legitimate academic basis." (**ECF No. 46**, PageID.705) In the same aggressive style in which Plaintiff initiated this litigation and her demands for discovery, she has now mounted an attack on Defense Counsel  assigned to defend these claims. Plaintiff asserts (without support) that Counsel has: "(1) filed a purported joint discovery plan after Plaintiff expressly refused in writing to join it; (2) weaponized a public federal filing to publish

stigmatizing, irrelevant, and false personal material concerning Plaintiff and a private non-party; and (3) submitted a discovery opposition brief whose factual assertions are directly contradicted by defense counsel's own attached exhibits and sworn discovery responses." **(Id.)** She seeks sanctions under Rule 11, Rule 26(g)(3), and 28 U.S.C. § 1927 for these alleged abuses. **(Id.)**

This motion is not supported by competent evidence or law. The purpose of this motion is to create a false narrative and/or distract from the lack of merit to the underlying claims. Regardless, Defense Counsel has not presented any pleading, motion, or paper for any improper purpose, raised any defenses or legal contentions unwarranted by existing law, made factual contentions without evidentiary support, or made unwarranted denials of factual contentions contrary to Rule 11. Defense Counsel has made no disclosure, discovery response, or discovery objection inconsistent with the Federal Rules of Civil Procedure, unwarranted by existing law, interposed for an improper purpose, or unreasonable, contrary to Rule 26(g). Nor has Defense Counsel engaged in any conduct that would implicate the Court's inherent authority to sanction.

This motion and Plaintiff's mischaracterization of facts and events set forth therein are asserted for improper purposes and in direct contravention of this Court's directive that the parties act with civility. Further, many of the issues raised in this motion have already been addressed by the Court and are again reiterated for

purposes not permitted by the Rules of Civil Procedure.

## LAW AND ARGUMENT

### I.     *There is No Rule 11 Violation*

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> **(1)**   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)**   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)**   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)**   the denials of factual contentions are warranted on the evidence or, if specifically, so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  "[I]n this circuit, the test for imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances."  *Mann v. G&G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990).  *See also Bates v. Colony Park Assn.*, 393 F.Supp.2d 578, 598 (E.D. Mich. 2005).

### A. *The "No Show Designation" is Factually Accurate and Remains One of Defendants' Legitimate Defenses in this Case*

First, Plaintiff claims Defense Counsel has "cycle[d] through mutually

exclusive, progressively severe factual pretexts to justify Plaintiff's suspension," only to "concede reality." This ambiguous assertion is absurd.

Defendants (via Defense Counsel) have consistently maintained throughout this litigation that Plaintiff's status as a student and access to the College's remote learning platform, course material, licensed software, and computer was terminated because (and after) the course instructor determined that she did not participate in PRDE-1520 class sessions or complete assignments. The instructor made the decision to issue a "No-Show grade." Plaintiff's dismissal for failure to participate in and complete coursework is academic. *See Al-Dabagh v. Case Western Res. Univ.*, 777 F.3d 355, 360 (6th Cir. 2015); *Harris v. Blake*, 798 F.2d 419, 423 (10th Cir. 1986); *Mbawe v. Ferris State Univ.*, 366 F.Supp.3d 942, 961-62 (W.D. Mich. 2018); *Peeples v. Wayne State Univ.*, No. 18-14049, 2022 WL 4292311, at *15-16 (E.D. Mich. Sept. 16, 2022) (**ECF No. 47-7**).

This argument is not "fabricated," and has neither "shifted" nor been "conceded." Instructor Carlson's Syllabus for PRDE 1520 included an Attendance & Participation Policy, which clearly provided the following:

> Students who do not attend an on campus, hybrid, remote, flexible learning or online class by the end of the third week of class (for sections running four (4) weeks or more) or by the end of the third day of class (for sections running three (3) weeks or less) are considered a "no show" and will receive a grade of NS – No Show.
>
> For students enrolled in an online, remote, flexible learning or hybrid class, attendance must include meaningful interaction in the class

beyond just signing into the Learning Management System or sending an email to the instructor.

Examples of meaningful interactions include, but are not limited to:

- Responding to a discussion question
- Taking a quiz
- Completing an assignment
- Participating in group work
- A response to an activity within the online, remote, flexible learning or hybrid class

(**Ex. A**, Syllabus, at 14)

Plaintiff completed Discussion Forum 1: 1.1 Student Introduction, and nothing else. She remotely accessed and utilized the College's computer to operate the College's licensed software for purposes other than College instruction and coursework. However, she failed to attend class, attend discussion projects, or complete any assignments. She did not engage in "meaningful interactions," as described in the syllabus, and her instructor issued a "No Show" grade. The fact that Plaintiff participated in the initial "self-introductory activity" is irrelevant to this determination. Throughout, Defendants have consistently described Plaintiff's failure to participate as resulting in a "no show grade" or a lack of "academic progress." Plaintiff's feigned disagreement with and/or feigned offense to the argument does not render it sanctionable under Rule 11.

Rule 11 is meant to proscribe serious misconduct such as filing pleadings to harass, cause unnecessary delay, or needlessly increase the cost of litigation and/or

making frivolous arguments without evidentiary or legal support.  Fed. R. Civ. P. 11(b).  It is not meant to chill proper advocacy and assertion of adversarial positions that the other party disagrees with or finds personally offensive or upsetting.  *See Tabfs v. Proctor*, 316 F.3d 584, 594-95 (6th Cir. 2003) ("But, 'Rule [11] must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy.' Rule 11 'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'"); *Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 553 (1991) ("The main objective of the Rule is not to reward parties who are victimized by litigation; it is to deter baseless filings and curb abuses.")

Second, Plaintiff asserts that Defense Counsel falsely claimed her friend participated in her course work.  At this point in the litigation, Defendants have no knowledge that Plaintiff allowed "friends" or others to access the College's computer and software and has never made that allegation. The word "friend" in  ECF No. 38, PageID.347 is clearly a typographical error. The sentence was intended to read "Finally, Ms. Brown should not be provided information to educate her on how her **feigned** [not "friend"] participation in course work was discovered."  The word "feigned" makes sense in the context of both the motion and the sentence. The word "friend" makes no sense. This is a distinction of which Plaintiff is obviously aware, yet chose to raise this issue anyway. Nowhere in the motion is it argued that Plaintiff's friend participated in or was completing her coursework (as none of her

coursework was completed). This was a simple typographical autocorrect error, which does not rise to the level of a Rule 11 violation.

### B. ECF No. 24 Does Not "Weaponize the Public Docket"

Plaintiff asserts that Defense Counsel "embedded a five-item list of highly stigmatizing, irrelevant, and false personal material concerning Plaintiff and a private non-party household member" in ECF No. 24.

ECF No. 24 is Defendants' Response to Plaintiff's Motion for Expedited Discovery. Plaintiff sought an order allowing her to serve Rule 45 subpoenas on non-party providers of the remote learning environment for MCC students. Plaintiff used these systems to access the MCC computer and the MCC licensed software. In response, Defendant pointed out that allowing subpoenas to issue directly to these providers rather than obtaining discovery through MCC (which has access to the relevant information) could result in the release of proprietary information, other student information, and methods of accessing the MCC computer and licensed software remotely. Defendants were required to explain the content of the information and the concerns raised by Plaintiff's access to this information to properly respond to the motion.

Defendants explained that Plaintiff is no longer a student at MCC and that a required FAFSA financial aid investigation revealed that Plaintiff had a felony conviction for fraud, a member of her household was the subject of a warrant

involving a fraud allegation, and there were irregularities in Plaintiff's past academic and financial aid transactions.[1] She should therefore not be entitled to peruse the CANVAS system for proprietary information and course materials that belong to the College.  Nor should she be privy to the student record information contained in the Splashtop system, or entitled to comb through that system to determine how and why her account was flagged.

Defendants argued that these requests needed to be handled through the normal discovery process, so that Defendants could properly object, redact, and/or seek a protective order as necessary, the Court could be fully informed of the parties' arguments, and proprietary information could be adequately protected.  There was absolutely no need to expedite the process.

None of this information was provided to "weaponize the public docket," "publicly humiliate a pro se litigant," or "preempt this Court's rulings" on any other motion. The information regarding Plaintiff's criminal history pre-exists this litigation and was gathered in the pre-litigation investigation regarding Plaintiff's student loan application. The information was provided to identify the process which caused the Defendants' concerns regarding Plaintiff's access to the College computers and the College licensed software and College Student Records through subpoena to a non-party provider to the College.  The explanation of this information

---

[1] No personal identifying information was disclosed.

(in briefing to the Court) was necessary to protect Defendants' interests, and advised the Court that the subpoena it was being asked to issue could have unintended consequences.

Plaintiff filed this lawsuit claiming, in part, that her enrollment at the College was terminated and her financial aid withheld in violation of constitutional and statutory rights.  The College is entitled to defend itself by explaining what, how, and why the College made decisions regarding financial aid and student loans. When filing suit, a plaintiff has "notice that she may need to disclose, in a public forum, the facts necessary for the Court to resolve her lawsuit." *Frohn v. Globe Life and Accident Ins. Co.*, No. 1:19-cv-713, 2023 WL 3407424, at *2 (S.D. Ohio May 12, 2023) (**Ex. B**).  The facts necessary for the Court to resolve a plaintiff's lawsuit includes the facts necessary for a defendant to defend against it. *See id.*  It does not matter that this includes information Plaintiff would rather not be public.  *Id.  See also In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1242 (11th Cir. 2020) ("A lawsuit is a public event.  Parties who ask a court to resolve a dispute must typically walk in the public eye.")

### C. Claimed Misrepresentations in a Rule 26(f) Discovery Plan are Neither Redressable Under Rule 11 Nor Violative of Rule 11

Plaintiff claims that Defense Counsel violated Rule 11(b)(3) by "represent[ing] a joint discovery agreement that did not exist."  However, nothing about this allegation can violate Rule 11(b)(3) as Plaintiff argues, because Rule 11

expressly "does not apply to disclosures and discovery requests, responses, objections and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d).

Further, nothing about this allegation is true. The parties discussed the dueling Joint 26(f) Discovery Plans at length with the Magistrate Judge at the Rule 16 Conference. Magistrate Judge Grand is fully aware of what occurred: Defense Counsel and Plaintiff conferred, Defense Counsel put a proposed joint plan together, Plaintiff reviewed the plan and disagreed with it. The parties submitted separate plans, and the Defense Plan utilized the term "the parties" throughout, rather than "Defendants." Magistrate Judge Grand was fully aware that the parties disagreed at the Rule 16 Conference, took both plans into account, and entered a Case Management Order.

## II.    *Rule 26(g) Has Not Been Violated*

Under Rule 26(g), by signing disclosures and discovery requests, responses, and objections, an attorney or party "certifies that to the best of that person's knowledge, information and belief formed after reasonable inquiry":

**(A)** with respect to a disclosure, it is complete and correct as of the time it is made; and

**(B)** with respect to a discovery request, response, or objection, it is:

**(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

**(ii)** not interposed for any improper purpose, such as to harass,

cause unnecessary delay, or needlessly increase the cost of litigation; and

**(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(A)-(B).   "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.   The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."  Fed. R. Civ. P. 36(g)(3).

### A. The Argument that Plaintiff Acted In Bad Faith by Moving to Compel After Granting an Extension is Neither Factually Inaccurate Nor Sanctionable Under Rule 26(g)(3)

On June 11, 2026, an associate from Defense Counsel's office met and conferred with Plaintiff regarding Defendants' answers to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.  During the meeting, the associate requested a two-week extension to respond, and Plaintiff agreed, provided that Defendants made "a good faith effort" with their answers.  The associate advised Plaintiff that Defendants would not be providing answers to her Second Set of Interrogatories given that they exceeded the 25-interrogatory limit, and the Court had not yet ruled on Plaintiff's motion requesting a waiver of the limit. Plaintiff commented that she felt Defendants' answers to her Requests for Admission were

deficient, but made no mention of filing a motion and did not seek amended answers. The parties also discussed the exchange of Initial Disclosures. The associate advised Plaintiff that Defendants' Initial Disclosures would be served on June 12.

Following the meet and confer, Plaintiff sent an email purporting to confirm the discussion.  However, the e-mail misrepresented the agreement, and attempted to add additional terms.  Specifically, Plaintiff stated she agreed to the extension in exchange for Defendants' good faith answers to the First Interrogatories and Requests for Production "and complete Requests for Admission."  (**ECF No. 44-4**) Counsel promptly responded, stating the agreement did not address additional responses to the Requests for Admission.

Plaintiff did not respond to that e-mail or seek to re-negotiate or work it out. Instead, she filed a Motion to Compel the following day – Saturday, June 13, 2026 – seeking, *inter alia,* a waiver of Defendants' objections to her Interrogatories and Requests for Production under Rule 33(b)(4).  (**ECF No. 41**)

Plaintiff thus acted in bad faith.  She agreed to an extension under certain parameters, unilaterally tried to alter those parameters, and then when Defense Counsel responded advising those were not the terms agreed upon, Plaintiff reneged on the agreement and filed the motion without any further discussion.  Defendants met and conferred with Plaintiff in good faith, and relied on her misrepresentations only to be intentionally sandbagged.

Regardless, Defense Counsel's argument is entirely proper and is not sanctionable under Rule 26(g).  Rule 26(g) expressly applies only to Initial Disclosures, Pretrial Disclosures, and discovery requests, responses, and objections. Defendants' response to Plaintiff's improper Motion to Compel does not fall into any of these categories.

### B. Defense Counsel Did Not Feign Ignorance as to Incomprehensible Terms in Plaintiff's Requests for Admission

Plaintiff claims Defense Counsel "feigned ignorance" when it objected to the terms "Canvas LMS" and "Splashtop" in response to her Requests for Admission. This claim is highly disingenuous.

First, throughout her 71 requests for admission, Plaintiff repeatedly interchanged various versions of similar terms, including "Canvas," "Macomb's Canvas LMS," "Canvas LMS," "Splashtop," "Macomb's Splashtop environment," and "Splashtop remote environment."  (See **ECF No. 44-12**) She made no attempt to either explain the differentiation or explain whether each term referred to the same program or platform or some part or aspect thereof.  She then combined these various iterations with other, equally vague, undefined terms, including "successful login," "one successful session initiation," "Canvas Access Block," "raw Canvas data," "automated deletion and overwrite scripts," and "raw Splashtop data." (**Id.**)

Defendants properly objected to various Requests to Admit because they contained undefined terminology for which Defendants could not assume meaning,

rendering them unable to truthfully admit or deny the requests as stated. Defendants then answered the requests subject to said objections. Regardless, the present motion is improper. The proper motion is a motion to compel more specific answers or to deem requests admitted.

### C. Defendant's Objections to Request to Admit 57 Were Reasonable, Proper, Consistent with the Rules of Civil Procedure, and Warranted by Existing Law

Plaintiff claims that Defense Counsel contradicted himself by objecting that Plaintiff's request regarding a lack of subpoena was based on a false premise, but responding that Defendants did not obtain a subpoena, court order, or other legal process.  Presumably, this refers to Defendants' response to Request to Admit 57:

> REQUEST NO. 57: Admit that neither MCC nor MCPD obtained any subpoena, court order, search warrant, administrative subpoena, or other legal process from any court, magistrate, or judicial officer in Michigan, New Hampshire, or any other jurisdiction specifically authorizing MCC's or MCPD's contact with New Hampshire law enforcement regarding Plaintiff Suzanne M. Brown, Catherine Brown, or the residential address 114 Lake Umbagog, P.O. Box 253, Errol, New Hampshire 03579.

> **ANSWER:**

> **Defendants object to this Request for Admission.  The request is vague, ambiguous and ill-defined.  The Request is based on a false premise and assumes facts which are not in evidence.**

> **Subject to said objection and without waiving the same, Defendants answer as follows: Defendants admit that they did not obtain a subpoena, court order, search warrant, administrative subpoena, or legal process.  Defendants can neither admit nor deny the remainder of the Request for the reasons stated herein.**

**(ECF No. 44-12**, PageID.687)

Defendants' objections and response were reasonable, proper, consistent with the rules of civil procedure, and warranted by existing law.  The request was based on a false premise and assumed facts not in evidence.  First, Defendants are not required to "obtain a subpoena, court order, or legal process" to contact New Hampshire law enforcement when conducting a financial fraud investigation. Second, the request assumes that Defendants disclosed Plaintiff's and/or Catherine Brown's student records or personally identifying information with New Hampshire law enforcement.

Defendants truthfully admitted that they did not obtain a (non-required) subpoena, court order, or legal process. However, they could not truthfully admit or deny the remainder of the allegation because it was based on absolutely no factual or legal foundation.

### III.   *Defense Counsel Did Not Violate 28 U.S.C. § 1927*

Plaintiff alternatively purports to seek sanctions against Defense counsel pursuant to 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

"Section 1927 sanctions are warranted when an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting *Ruben v. Warren City Sch.,* 825 F.2d 977, 984 (6th Cir.1987)). An attorney is only sanctionable under this Act if he "intentionally abuses the judicial process," "knowingly disregards the risk that his actions will needlessly multiply proceedings," or "knows or reasonably should know that a claim pursued is frivolous." *Id.* at 646; *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2012)).

"The purpose is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Id.* (citing *Jones v. Continental Corp.,* 789 F.2d 1225, 1230–31 (6th Cir.1986)).  "While subjective bad faith is not required, the attorney in question must at least knowingly disregard the risk of abusing the judicial system, not be merely negligent."  *Garcia v. Title Check, LLC*, No. 22-1574, 2023 WL 2787298, at *2 (6th Cir. Apr. 5, 2023), *cert. denied sub nom.,* No. 23-404, 2023 WL 8007416 (U.S. Nov. 20, 2023).

Plaintiff cites to Section 1927, but makes no attempt to analyze how it has been violated.  Indeed, nothing on the level of what is sanctionable under Section 1927 occurred in this case. Defendants did not press a concededly unmeritorious claim or defense causing Plaintiff to incur unnecessary expense. Plaintiff's actions

in filing multiple unnecessary motions, filings, and discovery requests caused her to incur expenses, not Defense Counsel's conduct. Plaintiffs' request for Section 1927 sanctions against counsel should be denied.

## IV.    *Plaintiff is Not Entitled to Sanctions*

Sanctions imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation."  *Id.*

Under Rule 26(g)(3), "if a certification violates [Rule 26(g)] without substantial justification, the court, on motion or its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.  The sanction may include an order to pay the reasonable expenses, including attorney's fees caused by the violation."  Fed. R. Civ. P. 26(g)(3).

Under Section 1927, sanctions may include "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

Sanctions are unwarranted under Rule 11. Defense Counsel has not presented any pleading, written motion, or other paper for any improper purpose; raised defenses or other legal contentions unwarranted by existing law; made factual

contentions without evidentiary support; or made unwarranted denials of factual contentions. *See* Fed. R. Civ. P. 11(b).  Sanctions are unwarranted under Rule 26(g)(3) because Defense Counsel has made no disclosure, discovery response, or discovery objection that is inconsistent with the Federal Rules of Civil Procedure, unwarranted by existing law, interposed for an improper purpose, or unreasonable. *See* Fed. R. Civ. P. 26(g)(1)(B). Sanctions are unwarranted under Section 1927 because Defense Counsel did not intentionally abuse the judicial process, knowingly disregard the risk that his actions will needlessly multiply proceedings, or know or reasonably should have known that a claim pursued is frivolous. *Red Carpet Studios*, 465 F.3d at 646; *Hogan*, 823 F.3d at 886.  Nor has Defense Counsel engaged in any conduct that would implicate the Court's inherent authority to sanction.

Further, the sanctions requested by Plaintiff are improper as a matter of law. Plaintiff, a non-attorney litigant proceeding *pro se*, requests she be awarded $16,815 based on an alleged 95 hours at "the 2026 CJA non-capital attorney hourly rate." Plaintiff has articulated no "other expenses" "incurred" or "caused by" the alleged violative conduct.

"[A] *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees." *Kay v. Ehrler,* 499 U.S. 432, 435 (1991).  Neither Rule 11 nor Section 1927 allow for an award of attorneys' fees to *pro se* litigants as a sanction.  *Massengale v. Ray*, 267 F.3d 1298, 1302-03 (11th Cir. 2001); *DiPaolo v. Moran*, 277 F.Supp.2d 528, 534-36

(E.D. Pa. 2003); *Greer v. Moon,* No. 2:24-cv-00421, 2026 WL 881394, at \*2 (D. Utah Mar. 31, 2026) (**Ex. C**). Likewise, the discovery rules do not empower a district court to award attorney fees to a *pro se* litigant. *See Pickholtz v. Rainbow Technologies, Inc.*, 284 F.3d 1365, 1375-76 (Fed. Cir. 2002).

"Because a party proceeding *pro se* cannot have incurred attorney's fees as a expense, a district court cannot order a violating party to pay a *pro se* litigant a reasonable attorney's fee as part of a sanction." *Massengale,* 267 F.3d at 1303. Such an award violates the plain language of these rules and statute and a district court abuses its discretion in imposing it. *Id. See also Pickholtz*, 1376.

### **RELIEF REQUESTED**

WHEREFORE, Defendants respectfully request this Honorable Court deny Plaintiff's Consolidated Motion for Sanctions, direct Plaintiff to stop filing frivolous and unjustified motions, and award Defendants their costs and fees improperly incurred in responding to this motion.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, P.L.C.***

By: /s/ TIMOTHY S. FERRAND
Timothy S. Ferrand (P39583)
Attorney for Defendants
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
Dated: July 16, 2026      tferrand@cmda-law.com

## *CERTIFICATE OF SERVICE*

I hereby certify that on July 16, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [none]

**Cummings, McClorey, Davis & Acho, PLC**

By:    /s/ TIMOTHY S. FERRAND